**Charles I. McKEE, Petitioner,**

**v.**

**The Honorable Charles L. OWENS, District Judge of the District Court of Oklahoma County, Respondent.**

**No. 47309.**

Supreme Court of Oklahoma.

June 4, 1974.

Kenneth R. Webster, McKinney, Stringer & Webster, Oklahoma City, for petitioner.

Howard K. Berry, Oklahoma City, for the action pending before the District Court, and Authorized Representative in this proceeding, for respondent.

SIMMS, Justice:

Petitioner, defendant in the trial court, seeks to invoke the jurisdiction of this Court and requests "Prohibition and/or Mandamus" against Respondent Judge's order of March 12, 1974, which denied Petitioner's pre-trial motion for inspection and examination of certain physical specimens in the possession of the chief medical examiner.

Joseph S. Spicer, in his capacity as administrator of the estate of Mary D. Spicer, deceased, commenced an action for damages against Petitioner, for personal injuries and wrongful death of Mary D. Spicer. Spicer's petition alleged, inter alia, the occurrence of an automobile accident in Oklahoma County on or about February 2, 1972, and the death of Mary D. Spicer some thirteen months later at her home. The petition specifically alleged that the proximate cause of Mary Spicer's death was the automobile accident thirteen months precedent.

The office of chief medical examiner authorized an autopsy upon the body of Mary D. Spicer under the provisions of the "Unexplained Deaths Act," 63 O.S. 1971, §§ 931–955.

The recorded death certificate shows the cause of death of Mary D. Spicer to be "acute coronary insufficiency."

The amended answer filed by defendant, now petitioner, specifically denied the automobile accident to be the proximate cause of death.

Pursuant to Rule 12, of the Rules of the District Courts of Oklahoma, 12 O.S. Supp.1973, Ch. 2–App., defendant made written application to inspect and examine certain body tissue slides or specimens taken from the body of Mary Spicer during autopsy procedures. Petitioner requested these body slides and specimens be delivered to a pathologist of his choosing for examination, as the basis of possible expert testimony on the issue of the proximate cause of death.

Rule 12 requires before discovery will be allowed the thing sought to be discovered must "constitute or contain evidence."

Following a hearing on Petitioner's Rule 12 application, Respondent Judge entered a written order which recited that the cause of death will be "a major issue in the trial of this matter." Respondent Judge found, however, that the defendant was precluded from the inspection of the requested specimens and body tissue slides because they were inadmissible in evidence by reason of 63 O.S.1971, § 949, which reads in relevant part:

"* * * No report, findings, testimony or other information of any medical examiner shall ever be admitted in evidence in any civil action in any court of this state * * *"

Respondent Judge, relying upon Perry v. City of Oklahoma City, Okl., 470 P.2d 974, and the case of In re Barger, Okl., 450 P. 2d 503, concluded that since the medical examiner was the "procuring source" of the requested specimens and body tissue slides, they fall within the proscription of 63 O.S.1971, § 949, are not admissible in evidence, and therefore, under Rule 12, not subject to discovery procedures or pre-trial inspection.

We believe neither *In re Barger, supra,* nor *Perry, supra,* are controlling. In *Barger,* there was no evidence that the state or county medical examiner or their assistants were the procuring source of a blood test. Likewise, in *Perry,* the record contained no evidence that either the state or county medical examiners or their assistants were the procuring source of a blood test. However, in *Perry, supra,* the syllabus by the Court reads:

"The results of a blood-alcohol test derived from a sample of blood, when the identity and integrity of the sample are established, are not within the evidentiary exclusion of 63 O.S.1961, § 949, unless the blood-alcohol test was performed

pursuant to 63 O.S.1961, §§ 931–955, the *Unexplained Deaths Act.*"

Both *Barger,* and *Perry* dealt with the issue of admissibility of the results of blood tests bearing upon the ultimate issue of alcoholic content. In the case at bar, we are not dealing with results but merely a visual examination of a physical specimen. Petitioner urges that J. H. Rose Trucking Co. v. Bell, Okl., 426 P.2d 709 (1967), is controlling. In *Rose*, a medical examiner was the procuring source of the specimen, but an independent expert was responsible for the evaluation and testing. In *Rose*, the Court held this evidence admissible in a civil proceeding. However, *Rose* is distinguishable from the case at bar, for in *Rose,* a blood specimen was taken by an Arizona medical examiner in the State of Arizona and the sample was thereafter examined by a chemist. In Arizona, there is no statutory proscription against the pathologist who performs the autopsy from testifying in a civil action. In that state, even the written autopsy reports are admissible in evidence in a civil proceeding under Arizona's "Uniform Business Records As Evidence" Act. See, Kemp v. Pinal County, Ariz., 442 P.2d 864 (1968).

In *Perry, supra*, this Court described the Oklahoma statutory language, "No report, findings, testimony or other information of the State or County Medical Examiner or the assistant shall ever be admitted in evidence in any civil action [in any court in this State]" as a local addendum to the draft of the National Conference of Commissioners on State Laws, p. 196.

There is no case-law governing the exact facts situation now before us, and we must look to the Unexplained Deaths Act, in its entirety, for a determination of this issue.

The original act relating to "unexplained deaths" is found at Ch. 30, Session Laws of Oklahoma, 1961, page 604. The original enactment, Senate Bill No. 81, contained, verbatim, the prohibition relating to the trial of civil cases that is now contained in our section 949, supra.

The rule often has been enunciated that the title to an act of the legislature must be construed with reference to the language used in it alone and not in the light of what the body of the act contains. See, Oklahoma City v. Prieto, Okl., 482 P.2d 919 (1971), and cases therein cited. Also, if a portion of the body of a statute is uncertain, the title to the act may be considered to determine legislative intent. City of Tulsa v. Mosley, 168 Okl. 259, 34 P.2d 258 (1934).

In pertinent part, the title to Senate Bill 81, 28th Legislature, reads:

" * * * Providing for records and reports and their use * * *."

The evidentiary limitation in § 949 relates to written or oral reports, records, conclusions, findings, and "other relevant information concerning the death," and prohibits the medical examiner, or his assistants from testifying in a civil proceeding to information or findings resulting from the performance of his official duties.

The language in the statute preventing the examiner from testifying as to "other relevant information concerning the death" does not proscribe physical evidence obtained by the medical examiner from being introduced into evidence if a proper evidentiary predicate can be laid for its admissibility. The purpose of the statute is to prevent a medical examiner who has performed an autopsy from testifying in a civil action as to facts or circumstances intimating the ultimate cause of death. Such a purpose is reasonable since it prevents the trial court or a jury from being prejudiced by the state examiner's observations or opinions.

However, to preclude the medical examiner from testifying that he took certain identified portions from the body and preserved them is unreasonable. To prevent possible prejudice, the medical examiner's testimony could not be directed to any records or reports he has concerning the autopsy, but merely to identify the physical evidence he has taken from the body. The

result would be the same if the body itself were available for examination. The interpretation of the physical evidence would have to be left to experts other than the medical examiner or his assistants.

We conclude there is no prohibition in the statute which would preclude an examination by a qualified expert of body specimens procured and preserved by the medical examiner, so long as that examination can be carried out without damaging the particular specimen. Evidence of a physical nature, as distinguished from testimony, reports, findings, or other information in the possession of the medical examiner is subject to discovery.

Original Jurisdiction Assumed. Mandamus Issue, Directing Respondent to Permit Petitioner to have examined the specimens taken by the medical examiner from the body of the deceased.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.

IRWIN, J., dissents.